UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

IN RE:
PAUL A. BERTONE,                                    Chapter 7
          DEBTOR.                                   Case No. 12-12071-WCH

**MEMORANDUM OF DECISION**

I. **INTRODUCTION**

The matters before the Court are the "Creditor's, Tracey Bigelow, Objection to Debtor's, Paul A. Bertone, Claim of Homestead Exemption" (the "Objection to Homestead Exemption") filed by Tracey Bigelow (the "Creditor"); the "Opposition to Tracey Bigelow's Objection to Debtor's Claim of Homestead Objection" (the "Opposition") filed by Paul A. Bertone (the "Debtor"); the "Motion to Avoid Judicial Lien on Real Estate" (the "Motion to Avoid Lien") filed by the Debtor; and the "Creditor's, Tracey Bigelow, Objection to Debtor's, Paul A. Bertone, Motion to Avoid Judicial Lien on Real Estate" (the "Objection to Motion to Avoid Lien") filed by the Creditor. The Creditor argues that the Debtor did not occupy certain real property as his principal residence at the time he filed a declaration of homestead under the Massachusetts Homestead Statute,[1] and therefore, he cannot claim an exemption nor avoid a judicial lien with respect to the property. For the reasons set forth below, I will sustain the Objection to Homestead Exemption and deny the Motion to Avoid Lien.

II. **BACKGROUND**

Ten years prior to this case, by a quitclaim deed dated April 24, 2002 and recorded on May 2, 2002 (the "Deed"), the Debtor's father reserved a life estate in certain real property

---

[1] Mass. Gen. Laws ch. 188, § 1 *et seq.*

1

located at 37 Everett Street in Franklin, Massachusetts (the "Property") and transferred the remainder interest in the Property to the Debtor, Peter Bertone, John Bertone, and Amy Bertone as joint tenants with the right of survivorship. On March 9, 2012, the Debtor executed and recorded a declaration of homestead with the Norfolk County Registry of Deeds with respect to the Property (the "Declaration of Homestead").

The Debtor filed a Chapter 13 petition and schedules on March 14, 2012. On "Schedule A – Real Property," the Debtor listed his 25% interest in the Property in fee simple with a current value of $34,934.50. On "Schedule C – Property Claimed as Exempt," the Debtor claimed an exemption in the Property pursuant to Mass. Gen. Laws ch. 188, § 1 in the amount of $139,738 (the "Homestead Exemption"). Finally, the Debtor listed on "Schedule D – Creditors Holding Secured Claims" a judicial lien on the Property in the amount of $17,439.11 held by the Creditor (the "Lien").

On April 19, 2012, the Debtor filed a motion to convert his case to Chapter 7, which the Court granted the next day. He appeared at the meeting of creditors held pursuant to 11 U.S.C. § 341 on May 22, 2012. On June 21, 2012, the Creditor filed the Objection to Homestead Exemption, asserting that the Property was not the Debtor's principal residence at the time he filed the Declaration of Homestead. The Debtor filed the Opposition the same day. On June 25, 2012, the Debtor filed the Motion to Avoid Lien, seeking to avoid the Lien pursuant to 11 U.S.C. § 522(f)(1)(A) as impairing the Homestead Exemption to which he is entitled. On June 26, 2012, the Creditor filed the Objection to Motion to Avoid Lien.

On December 12, 2012, I conducted an evidentiary hearing on the Objection to Homestead Exemption, the Opposition, the Motion to Avoid Lien, and the Objection to Motion to Avoid Lien. At the hearing, the parties presented witnesses and exhibits concerning the issue

of whether the Property was the Debtor's principal residence at the time he filed the Declaration of Homestead. Notably, the parties introduced copies of the Deed[2] and the Declaration of Homestead.[3] At the conclusion of the hearing, I took the matters under advisement.

### III. <u>DISCUSSION</u>

Generally, with respect to property of the estate, Judge Boroff of this district has concisely explained:

> The moment a bankruptcy petition is filed, the debtor's bankruptcy estate is created. A bankruptcy estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The debtor is, however, entitled to exempt certain property from the bankruptcy estate. *See* 11 U.S.C. § 522.[4]

"Section 522(b) allows a debtor to claim either the federal exemptions listed in subsection (d) or exemptions available under nonbankruptcy law (including relevant state exemptions)."[5]

In this case, the Debtor has claimed an exemption under the Massachusetts Homestead Statute, and in order to determine its validity, I must apply state law. "[A] bankruptcy court ruling on an issue of state law must rule as it believes the highest court of the state would rule."[6] When interpreting a statute, it is well established that "when a statute's language is plain, the sole

---

[2] Trial Exhibit #1.

[3] Trial Exhibit #2.

[4] *In re Seeling*, 471 B.R. 320, 322 (Bankr. D. Mass. 2012).

[5] *In re Gordon*, 479 B.R. 9, 12 (Bankr. D. Mass. 2012) (*citing* 11 U.S.C. § 522(b)).

[6] *In re Szwyd*, 346 B.R. 290, 293 n.2 (Bankr. D. Mass. 2006) (*quoting In re Desroches*, 314 B.R. 19, 21-22 (Bankr. D. Mass. 2004) (also providing that "when the highest court has not addressed the issue, the [b]ankruptcy [c]ourt should . . . attempt to predict what the highest court would do"); *see also Garran v. SMS Financial V, LLC (In re Garran)*, 338 F.3d 1, 6 (1st Cir. 2003); *Caron v. Farmington Nat'l Bank (In re Caron)*, 82 F.3d 7, 9 (1st Cir. 1996).

function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms."[7]

Mindful of these principles, the Massachusetts Homestead Statute provides, in pertinent part:

> An estate of homestead to the extent of the declared homestead exemption in a home may be acquired by 1 or more owners who occupy or intend to occupy the home as a principal residence.[8]

In other words, to qualify for the Homestead Exemption, the Debtor must (1) be an "owner" (2) occupying or intending to occupy a "home" (3) as a principal residence.[9] "The validity of a claimed exemption is presumed unless a party in interest objects . . . and any objecting party . . . has the burden to prove otherwise."[10]

Throughout these proceedings, the parties solely focused their attention on whether the Debtor occupied the Property as his principal residence. Indeed, the parties appear to have implicitly assumed that the Debtor otherwise qualified for homestead protection under the Homestead Statute. Upon closer examination, however, it has become clear that this assumption is unfounded.

The Massachusetts Homestead Statute defines "owner" as "a natural person who is a sole owner, joint tenant, tenant by the entirety, tenant in common, life estate holder or holder of a beneficial interest in trust."[11] Recently, when presented with an identical set of facts, Judge

---

[7] *In re Gordon*, 479 B.R. at 13 (*quoting In re Hayes*, 376 B.R. 55, 60-61 (Bankr. D. Mass. 2007); *Lamie v. United States*, 540 U.S. 526, 534, 124 S. Ct. 1023, 157 L. Ed. 2d 1024 (2004)).

[8] Mass. Gen. Laws ch. 188, § 3(a).

[9] Mass. Gen. Laws ch. 188, §3(a); *see In re Dougan*, No. 11-19503-WCH, 2013 WL 85146, at *2 (Bankr. D. Mass. Jan. 8, 2013); *In re Gordon*, 479 B.R. 9, 12 (Bankr. D. Mass. 2012).

[10] *In re Gordon*, 479 B.R. at 12 (*citing* 11 U.S.C. § 522(l)) (citation omitted).

[11] Mass. Gen. Laws ch. 188, § 1.

4

Boroff in *In re Gordon* held that the Massachusetts Homestead Statute does not apply to holders of remainder interests.[12] He reasoned that the Massachusetts Homestead Statute "enumerates six types of owners who may claim an exemption under the statute," and plain language of the statute "does not extend exemption privileges to holders of remainder interests."[13] For the same reason, I agree with *In re Gordon*, and I find that an individual holding a remainder interest in property created by deed does not qualify as an "owner" under the Massachusetts Homestead Statute. Therefore, the Debtor is not entitled to claim the Homestead Exemption.

In the interest of clarity, it is worth distinguishing the present case from my recent decision in *In re Dougan*. In that case, I extended homestead protection to individuals residing in a residential cooperative housing unit, where they held a ninety-nine year lease and title to their home was held by a residential cooperative housing corporation.[14] While the debtors did not meet the statutory definition of "owners," my ruling was the necessary result of the term "home" being defined as including "the aggregate of . . . a residential cooperative housing unit established pursuant to chapters 156B, 157B, 180 or otherwise."[15] I reasoned that:

> Ultimately, this disconnect between the definitions of "home" and "owner" in the Homestead Statute produces an absurd result, but I am reluctant to characterize the necessary linkage with any specificity. It is enough for me to conclude that the Supreme Judicial Court would view the omission of any provision allowing for an individual residing in a residential cooperative housing unit to acquire or benefit from a homestead is illogical and appears contrary to the Legislative intent in as much as such properties are expressly defined as "homes."[16]

---

[12] *In re Gordon*, 479 B.R. at 13.

[13] *Id.*

[14] *See In re Dougan*, 2013 WL 85146, at *1, 4.

[15] Mass. Gen. Laws ch. 188, § 1.

[16] *In re Dougan*, 2013 WL 85146, at *4.

In contrast, there is no language in the definition of "home" or any other defined statutory term that would require me to find that holders of a remainder interest created by deed qualify for homestead protection, lest an absurd result ensue.

Having found that the Debtor is not entitled to the Homestead Exemption, there is no need to address whether the Lien is subject to avoidance because the Debtor does not have an exemption subject to impairment.

### IV. CONCLUSION

In light of the foregoing, I will enter an order sustaining the Objection to Homestead Exemption and denying the Motion to Avoid Lien.

_____
William C. Hillman
United States Bankruptcy Judge

Dated: January 30, 2013

Counsel Appearing:

    Ronald M. Stone, Ashland, MA,
        for Tracey Bigelow, the Creditor
    Ira C. Yellin, Yellin & Hyman, P.C., Franklin MA
        for Paul A. Bertone, the Debtor